**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GE BETZ, INCORPORATED**, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | USCA Case No. 12-3746 |
| | ) | USDC Case No. 12 C 7302 |
| **ZEE COMPANY, INCORPORATED**, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **BMO HARRIS BANK**, | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM ORDER**

This Court has received a copy of, and is of course bound by, our Court of Appeals' January 23, 2013 order in this case. Most particularly, if this Court had perceived the absence of a proper removal by Zee Company, Incorporated ("Zee") to be as taught at page 3 of the order, its obligation once GE Betz, Incorporated ("GE Betz") had raised the "forum defendant" issue would have been the swift issuance of an order remanding the case to its state court place of origin, an action that it has been called upon to take and has taken on a number of occasions during its tenure on the bench.

That step would have left it to the state court to resolve a key substantive issue as between GE Betz and citation respondent BMO Harris Bank ("Harris"): Whether judgment creditor GE Betz, presumptively a junior lienholder on judgment debtor Zee's assets, could register a judgment obtained in another jurisdiction, serve a citation on the holder of the presumptively

senior lien on the same debtor's assets (in this case, Harris), and thus paralyze the latter's ability

to enforce its senior lien against the debtor.[1]  It would seem that the necessary improvidence of

the removal would preclude the determination of that substantive claim by any federal court,

even including the Court of Appeals.[2]  That said, and to enable this action to proceed on the

merits before the state court that the Order has essentially held to be the proper forum, this Court

respectfully requests that the Court of Appeals remand the action to this Court so that it may

carry out its obligation to remand the case to the state court.


_____
Milton I. Shadur
Senior United States District Judge

Date:  January 28, 2013


_____

[1]  In that respect that is worth noting that GE Betz, despite numerous invitations by this Court to identify even a hypothetical basis on which its judgment is not a lien junior to Harris' earlier-perfected secured position on Zee's assets to protect its multimillion dollar loans to Zee, has totally failed even to hint at any predicate for such an assertion.  Instead it has urged that it wishes to pursue discovery "in case of anything turning up" (shades of Mr. Micawber).  But in all events it would seem that critical issue can best be decided by (and any such discovery can best take place before) a state court with unquestioned entitlement to resolve the dispute, rather than a federal court without such entitlement.

[2]  This is not of course to question the power, and the duty, of a Court of Appeals to exercise its appellate jurisdiction to deal with any erroneous substantive rulings by a District Court, as the Order has ruled here -- and, as stated at the outset, this Court necessarily accepts.